**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| CALVIN DUNCAN, in his official capacity as Clerk-Elect of Orleans Parish Criminal District Court, and in his personal capacity as an Orleans Parish voter, | Case No. 3:26-cv-00460 |
| *Plaintiff*, | Judge John W. deGravelles |
| v. | Magistrate Judge Scott Johnson |
| JEFFREY LANDRY, in his official capacity as Governor of the State of Louisiana, NANCY LANDRY, in her official capacity as Louisiana Secretary of State, and ELIZABETH MURRILL, in her official capacity as Attorney General for the State of Louisiana, | *Jury Trial Demanded* |
| *Defendants*. | |

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

In accordance with Federal Rule of Civil Procedure 65 and Local Rule 65, Plaintiff Calvin Duncan respectfully asks this Honorable Court to grant a temporary restraining order providing that he duly assumes the Office of Orleans Parish Criminal District Court Clerk at 12:00 a.m. on May 4, 2026.

The status quo at the time of this filing (as it has been for the past 165 days) is that Mr. Duncan will assume his duly-elected office. But, today, with no more than two business days left on the calendar, Defendants aim to upend that reality in the hopes that their timeline will thwart this Court from duly considering the constitutionality of their actions. The attached memorandum of law explains the unconstitutional premises that animate Mr. Duncan's Complaint, ECF No. 1, where he explains Defendants' intentional targeting of, and retaliation against, him through Senate

Bill 256 (the "Landry Bill"); the First Landry Amendment, which provides for the Bill to go into effect upon the Governor's signature; and the Second Landry Amendment, which provides for the abolition of the Office of the Criminal District Court Clerk. In a nutshell, state law requires the holding of an election to fill the new and now-vacant Orleans Parish Clerk of Court seat created by the Landry Bill. Until then, the elected Clerk of the Criminal Court and the unopposed Clerk of the Civil Court should take the positions to which they were elected (Duncan) and ran unopposed (Napoleon).

Because Defendants do not want Mr. Duncan to be seated, Defendants first directed the Louisiana Senate to pass the First Landry Amendment. Then, to make their implicit intention explicit, they directed the Louisiana House to pass the Second Landry Amendment on April 23, 2026, calling for the abolition of the position to which Mr. Duncan was elected, effective "at the end of the day May 3, 2026." The goal is clear: to prevent Mr. Duncan from immediately assuming the Office of Orleans Parish Criminal District Court Clerk at 12:00 a.m. on May 4, 2026—an office for which he received his Commission Certificate on April 20, 2026, ECF No. 1 ¶1, Exh. A. Against this backdrop and in accordance with his Commission Certificate, *id.*, Mr. Duncan asks this Court to issue an order duly authorizing him to assume the Office of Orleans Parish Criminal District Court Clerk, at 12:00 a.m. on May 4, 2026, thereby staying the effects of the First and Second Landry Amendments (at least until this Court has had time to consider the serious allegations in Mr. Duncan's complaint).

WHEREFORE, for the reasons described in the attached memorandum of law and any other reasons apparent to this Honorable Court, Mr. Duncan respectfully asks the Court to grant his Motion for a Temporary Restraining Order.

Counsel for Mr. Duncan shared the underlying Complaint, ECF No. 1, and its

2

accompanying documents with the Louisiana Attorney General's Office. In that email, Counsel indicated that Mr. Duncan would also be seeking a Temporary Restraining Order. Counsel for Mr. Duncan will email this Motion and its accompanying documents forthwith to the same parties via the following email address identified for current correspondence relating to this matter: Louisiana Attorney General's Office: aguinagaj@ag.louisiana.gov.

Dated: April 29, 2026

Respectfully submitted,

*/s/ Sarah Whittington*
Sarah Whittington, La. Bar No. 36725
*Nora Ahmed, NY Bar No. 5092374
Malcolm Lloyd, La. Bar No. 41573
Andrew Perry, La. Bar No. 40906
Ashley Fox, La. Bar No. 41748
ACLU Foundation of Louisiana
1340 Poydras St., Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
swhittington@laaclu.org
nahmed@laaclu.org
mlloyd@laaclu.org
aperry@laaclu.org
afox@laaclu.org

William P. Quigley, La. Bar No. 07769
Professor Emeritus of Law
Loyola University College of Law
7214 St. Charles Avenue
New Orleans, LA 70118
Tel: (504) 710-3074
Fax: (504) 861-5440
quigley77@gmail.com

Ronald L. Wilson, La. Bar No. 13575
Attorney at Law
701 Poydras Street, Suite 4100
New Orleans, LA  70139
Tel: (504) 525-4361
Fax: (504) 525-4380
cabral2@aol.com

*Adina Marx-Arpadi

3

*Kayla Vinson
Center for Constitutional Rights
666 Broadway, 7 Fl
New York, NY 10012
Tel: (212) 614-6464
amarxarpadi@ccrjustice.org
kvinson@ccrjustice.org

*Attorneys for Plaintiff*
*\*Pro hac vice application forthcoming*