SB 256 creates *Orleans Clerk of Court* "*who shall be elected* . . . ." **La. R.S. 13:1211.1(A)** (as am. by SB 256); **La. Const. Art. 5, §28(A)**.

## ROUTE A

- There has been no election for the seat created by SB 256.
- Napoleon was never on the ballot in 2025, Compl. ¶71; and
- Duties and responsibilities of Orleans clerks of court were fixed at the 2025 election. *See Calogero v. State ex rel. Treen*, 445 So. 2d 736, 739 (La. 1984); *Hoag v. Kennedy ex rel. State*, 836 So. 2d 207, 231 (La. Ct. App. 2002); *Avoyelles Parish Justice of the Peace v. Avoyelles Par. Police Jury,* 758 So. 2d 161, 167–69 (La. 3rd Cir. 1999).
- The 2nd Landry Amendment thus cannot retroactively change the meaning of the term "Clerk of Court," **S.B. 256, 2026 Leg. §§ 4–6**, as it was understood during the 2025 election.

**OR**

## ROUTE B

This seat *is new* and . . .

- *State ex rel. Garland v. Guillory*, 166 So. 94, 104 (1935) (rearrangement of DA's office is a "new office").

This seat *is vacant*, and . . .

- *State ex rel. Sanchez v. Dixon*, 4 So. 2d 591, 595 (1st Cir. La. Ct. App. 1941) ("newly created office becomes ipso facto vacant when it is created and remains vacant until it is filled by an incumbent" because "no such office can come into existence until an election is held to fill it, and there can be no vacancy in an office [that can be filled via appointment] that has not come into existence").

**Louisiana law does not allow a new, vacant Clerk of Court seat to be filled by legislative appointment.**

- Legislative appointment to the seat, **S. B. No. 256, § 4**, is disallowed by operation of **La. Const. Art. 5, §28(A)**, which includes Orleans Parish.
- **La. R.S. 13:1211.1(A)** (election required) (as amended in SB 256).
- **La. R.S. 18:402(E)(1)** ("Special elections to fill newly created offices . . . ."); **La. R.S. 18:583(D)(2)** ("special election" to fill "anticipated vacancy" occurs after vacancy occurs).

*For May 4, 2026, Mr. Duncan should take the office for which he received his commission on April 20, 2026 (already dated to take effect on May 4, 2026), thereby staying the effect of the 1st and 2nd Landry Amendments, such that the effects of SB 256 are stayed for a minimum of 14 days. The constitutional violations at issue include the following:*

**Mr. Duncan has a personal capacity 1A and 14A right to not have his vote for the Criminal District Court Clerk seat nullified (Count I: Effective Right to Vote Violation).**

**Anderson-Burdick test** (magnitude of immediate speech and suffrage injury too great for Mr. Duncan, an Orleans Parish voter, in the face of the Landry Bill, through operation of the Landry Amendments, that seek to nullify a past election); **Duncan v. Poythress**, 657 F.2d 691, 703–05 (5th Cir. 1981) (holding 14A SDP affords protection against the disenfranchisement of a state electorate in violation of state election law requiring a special election).

**Mr. Duncan has an official capacity right to not be retaliated against for his political speech on the campaign trail (Count IV: Retaliation Claim Premised on Landry Amendments).**

**Keenan v. Tejeda**, 290 F.3d 252, 258 (5th Cir. 2002) (speech injury can be deemed substantially motivated by retaliator where sufficient evidence shows chronology and nature of events plausibly connected, including here, where the Landry Bill (through Landry Amendment) aims to immediately harm only Pl. Duncan and not the rest of the criminal district court staff, who stand to keep their positions until 2027, La. R.S. 1211.1(B) (as am. in SB 256)); **Grosjean v. Am. Press Co.**, 297 U.S. 233, 250–51 (1936) (holding that otherwise facially neutral Louisiana tax was an unconstitutional, "deliberate and calculated device" whose "plain purpose" was to punish plaintiff-publishers critical of Huey Long).

## THEREFORE

**Mr. Duncan should take his seat as Criminal District Court Clerk on May 4, 2026, pursuant to the status quo that currently exists.**
**La. R.S. 13:1371.2** (criminal district court clerk seated first Monday in May).