# EXHIBIT B

STATE OF LOUISIANA | CRIMINAL DISTRICT COURT

VERSUS | PARISH OF ORLEANS

CALVIN DUNCAN | NO. 290-908 SECTION "G"

---

**JUDGMENT**

This matter comes before the court on a Defense Motion to Vacate Conviction received by this Court on July 27, 2021. In Defense's motion before the court, Mr. Duncan requests, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, Louisiana Code of Criminal Procedure article 926.2 as amended by Act 104, 2021 regular session (effective August 1, 2021), any other relevant provisions of law, and in the interest of justice, this court vacate his conviction in the above-captioned matter.

On January 29, 1985, Mr. Duncan was convicted of first-degree murder and sentenced to life imprisonment at hard labor. Mr. Duncan's was conviction was based on (1) a single, cross-racial identification made by a minor, the victim's girlfriend, (2) testimony from two Oregon police officers who testified that Mr. Duncan made statements to them when he was arrested concerning the facts of the crime allegedly unknown to the officers, and (3) two anonymous calls to a Crimestoppers tip line that allegedly identified Mr. Duncan as the perpetrator.

Evidence and documents discovered after Mr. Duncan's trial and subsequent conviction demonstrated that Mr. Duncan's conviction was obtained in violation of his constitutional rights to due process. First, the minor's initial identification of Mr. Duncan's photograph, which occurred over six months after the crime, were inconsistent with Mr. Duncan's physical appearance and evidenced a lack of credibility. Second, evidence discovered post-trial showed that the Oregon police officers' provided false testimony before the court and the State withheld exculpatory evidence in order to secure Mr. Duncan's conviction. Third, at trial, the a NOPD detective testified that two anonymous Crimestopper tips named Mr. Duncan as the victim's killer and that he was unaware whether either anonymous caller was seeking the monetary reward offered by Crimestoppers, However, documents later obtained showed the detective's testimony to be false.

At trial, Mr. Duncan also offered an alibi, confirmed by multiple witnesses, stating that on the evening of the murder, he was assisting a family member prepare for another cousin's birthday party. However, critical documentary evidence (the cousin's birth certificate) was not obtained until after Mr. Duncan's conviction. Mr. Duncan has never had an opportunity to present this evidence of his innocence to the Court.

Clerk's Office 10/20/21 20
by Deputy Clerk
Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document
RECEIVED AUG 03 2021

On April 02, 2008, Mr. Duncan filed Notice of intent to Seek Writ of the Court's denial of Defense Motion for Post-Conviction Relief. On August 08, 2008, the Louisiana Fourth Circuit Court of Appeal denied writ. On January 29, 2010, the Louisiana Supreme Court granted writ in part and remanded the matter to this Court to hold an evidentiary hearing in relation to the alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), the State's suppression of evidence relating to the possible criminal activity of the officers, the discrepancies in the officers' testimony, and whether Mr. Duncan's application for post-conviction relief presented newly discovered evidence requiring relief.

On remand and before the Court held an evidentiary hearing on the matter, State offered Mr. Duncan a plea agreement whereby he could be immediately released from prison. Thus, Mr. Duncan, who has served 28.5 years in prison, pled guilty to manslaughter and attempted armed robbery on January 07, 2011. The Court sentenced him to serve 21 years for manslaughter and 49 years for attempted armed robbery hard labor, with credit for time served, and released Mr. Duncan on parole. Upon his release, Mr. Duncan has continued to advocate for incarcerated individuals. He has also received multiple awards, invitations to speak and media profiles in local and national publications, and admittance into law school.

Given the legislatures recent enactment of Act 104 of the 2021 regular session and in the interest of justice, Mr. Duncan's matter affords him relief pursuant to La. C.Cr. P. Art. 926.2 and Article III of the Louisiana State Constitution. Pursuant to La. C.Cr. P. Art. 962.2 (A), as enacted by Act Number 104, 2021 regular session, made effective on August 1, 2021, "[a] petitioner, who has been convicted of an offense, may seek post-conviction relief on the grounds that he is facially innocent of the offense for which he was convicted." La. C.Cr. P. Art. 962.2 (A). Although petitioner's first claim of factual innocence would be statutorily barred by La. C.Cr. P Art. 930.8 and 930.4, Article 926.2, explicitly provides an exception for applications of relief filed on or before December 31, 2022 and brought under this Article 926.2. *Id.* Additionally, successful claims under Article 926.2 require the following:

(1) "new, reliable, and noncumulative evidence that would be legally admissible at trial and that was not known or discoverable at or prior to trial and that is either scientific, forensic, or nontestimonial documentary evidence" or testimonial evidence, corroborated by evidence [described above]." La C.Cr. P. Art. 926.2(B)(1)(a);

(2) a showing that Petitioner "consistently maintained his innocence until his plea of

Clerk's Office 10/20 2021
by [signature] Deputy Clerk
Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document

Clerk's Office 10/20 2021
by Deputy Clerk
Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document

guilty;" and

(3) a showing that Petitioner "could not have known of or discovered his evidence of factual innocence prior to pleading guilty."

Furthermore, the State may waive any procedural objections pursuant to Article 926.2; La. C. Cr. P. Art. 926.2(G), or deviate from any provision regarding post-conviction relief, upon joint motion with the Petitioner; La. C.Cr. P. Art 930.1(A) (amended by Act 104, 2021 Regular Session).

In Defense's motion before the court, Mr. Duncan requests that this Court vacate his convictions for manslaughter and attempted armed robbery, entered by guilty plea to this Court on January 07, 2011, which vacated his earlier conviction for first-degree murder by jury of this Court on January 29, 1985. Prior to entering the plea on January 07, 2011, Petitioner maintained his innocence, evidenced through his filing with the Louisiana Fourth Circuit Court of Appeals and Louisiana Supreme Court. Additionally, Defense has provided several exhibits of both testimonial and nontestimonial documentary evidence of the aforementioned false testimony, the suppression of evidence, and further support of his alibi. However, given the 28.5 years he served in Angola State Penitentiary and clear opportunity for immediate release, Mr. Duncan pled guilty to lesser charges instead of risking prolonged or further incarceration. Therefore, although Mr. Duncan discovered the aforementioned evidence prior to entering the plea on January 07, 2011, it is in the interest of justice that this Court grants Mr. Duncan's request for relief.

Notwithstanding the recently enacted provisions of La. C.Cr. P. Art. 926.2, this Court has a duty to revisit sentences that are excessive, where the Code of Criminal Procedure does not provide "an adequate remedy by due process of law," and where the Court's inaction or pronouncement of law would uphold excessive punishments.[1] Thus, the "prohibition against 'excessive punishment,' . . .requires courts to do justice in each case, **regardless of any legislative assertion" to the contrary**." *See* Louis "Woody" Jenkins, *The Declaration of Rights*, 21 LOY. L. REV. 9, 39 (1975) (emphasis added). Even when the sentence is imposed pursuant to a plea agreement, the Court must not impose sentences that are "too severe in light of the particular defendant and the circumstances of his case," and "[keep] in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged." *See State v. Robinson*, 98-

[1] La. Const. Art. I, §20.; *See also State v. Sepulvado*, 367 So.2d 762, 766 (La. 1979) (recounting the history of Article I, § 20) (holding that that under Section 20, **"the sentencing judge does not possess unbridled discretion to impose a sentence within statutory limits, regardless of mitigating facts,"** *Id.* at 770) (emphasis added).

1606 (La. App. 4 Cir. 8/11/99), 744 So. 2d 119, 127; *State v. Kennon*, 2019-00998 (La. 9/1/20) (vacating defendant's excessive sentence imposed pursuant to a plea agreement with the State and remanding the matter to lower court.).[2]

On January 27, 2011, Mr. Duncan was resentenced to 21 years for manslaughter and 49 years—the maximum sentence—for attempted armed robbery. Given the State's prior suppression of evidence relating to the Oregon officers' possible criminal activity, the inconsistencies of the minor's eyewitness identification, Mr. Duncan's alibi bolstered by the Defense's post-trial discovery of Mr. Duncan's cousin's birth certificate, and Mr. Duncan's extensive service and numerous contributions to the community post-release, the sentence imposed on January 27, 2011 is unconstitutionally excessive. Thus, it is the interest of justice and in the interest of providing an adequate remedy by due process of law—without unreasonable delay—that that the Court grant Mr. Duncan's request for relief.

For the forgoing reasons, the Petitioner's Motion to Vacate Conviction is hereby **GRANTED**.

New Orleans, La., this 3rd day of August 2021.

[signature]
JUDGE

Clerk's Office 10/20 2021
by [signature] Deputy Clerk
Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document

---

[2] According to the court in *State v. Kennon*, a defendant cannot simply acquiesce in the imposition of cruel, excessive, or unusual punishment prohibited by La. Const. Art. 1, § 20, which would relieve the judiciary of its "perpetual role in reviewing sentences for constitutional excessiveness." *See also State v. Dorthey*, 623 So. 2d 1276, 1280 (La. 1993).

Police Item No. H 7768-81

**The State of Louisiana** 2 1 4 83 2 1 5 1 2 7 7.

290-908

PARISH OF ORLEANS

**Criminal District Court For The Parish Of O..leo**

THE GRAND JURORS of the State of Louisiana, duly impaneled and sworn in and for t... of the Parish of Orleans, in the name and by the authority of the said State, upon their oath, PR...

That one CALVIN DUNCAN, ~~AT LARGE~~, aka Calvin Jones

late of the Parish of Orleans on the SEVENTH day of AUGUST

in the year of our Lord, one thousand, nine hundred EIGHTY-ONE ~~with force and arms~~ in the ... of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of ...

committed first degree murder of one DAVID YEAGER, while in the perpetration or attempted perpetration of an armed robbery,

amended by ADA [illegible] 11-3-82

Judge Campbell granted a new trial on August 3, 2021. Case dismissed by District Attorney with prejudice, on August 3, 2021

[illegible signature] 8/25/21

contrary to the form of Sta..te of the State of Louisiana in such cases made and provided and against the peace and dignity of the same.

Kendall P. Green
District Attorney for the Parish of Orle[redacted]

9/15/82 004612

NO. 290-908 ... J-7768-81

Clerk's Office 10/30 2021
by [illegible signature] Deputy Clerk
Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document

00461З

2 1 0 0 2 1 0 1 2 7 0



I hereby certify that the above and foregoing fingerprints on this bill are the fingerprints of the defendant,

CALVIN DUNCAN A/K/A CALVIN JONES

and that they were placed thereon by said defendant this 5 day of FEBRUARY, 19 85.

[signature], Dep. Judge



RIGHT HAND RIGHT THumb

Minute Clerk

The accused ... sentenced on this ... day of ... 19

NO. 290-908

SECTION

STATE OF LOUISIANA versus CALVIN DUNCAN

INDICTMENT FOR

VIO. R. S. 14:30

A True Bill

[signature] Foreman of Grand Jury

New Orleans, Aug 5 1982

Returned into open Court and recorded and filed Aug 5 1982

[signature] Minute Clerk

Arraigned ... 19

and pleaded

Minute Clerk

Aug 5, 1982. A True Bill. No Bail. Capias issued. [illegible]

193

Clerk's Office 02/10/2021

by [signature] Deputy Clerk

Hon. Arthur A. Morrell
Clerk of Criminal District Court, Orleans Parish
This Is An Original Document