# EXHIBIT C

LIZ MURRILL
ATTORNEY GENERAL

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

September 30, 2025

Mr. Calvin Duncan
[redacted]
New Orleans, LA 70117

Dear Mr. Duncan,

It has come to my attention that you have made representations in campaign advertising and other public statements that you were "exonerated" for the crime of first degree murder after a sequence of appeals. This is an inaccurate statement and a misrepresentation of the proceedings that occurred. Accordingly, you should immediately cease representing that you were "exonerated," which is a term that applies only under circumstances where a convicted individual proves he was actually innocent. You have not proven you were actually innocent, and the only result of the judicial proceedings was that your prior conviction was vacated.

The circumstances under which your conviction was vacated have caused me grave concerns about abuse and manipulation of the justice system. Your conviction had been affirmed on direct review in 1989 by the Louisiana Supreme Court. You had been denied post-conviction relief, and in 2002 you were denied federal habeas relief by the United States Fifth Circuit Court of Appeals. You continued to seek post-conviction relief through repetitive petitions, as was your right, through your **then-counsel Jason Williams**. In January 2011, after negotiations with the Orleans Parish District Attorney's Office under then D.A. Leon Cannizzaro, you knowingly and intentionally were allowed to **plead guilty** to manslaughter and attempted armed robbery, at the time with the assistance of **then-defense counsel, Emily Maw**.

This guilty plea and sentence were not challenged for the next ten years. However, after Jason Williams was elected District Attorney and your other prior defense counsel, Emily Maw, was appointed to her position within the current Orleans DA's office, you filed through different counsel a new, untimely, "Motion to Vacate Convictions" on July 27, 2021. A mere *one week* later, **Judge Nandi Campbell**, who also had been associated with Jason Williams' law firm previously, granted this motion "in the interest of justice" and purportedly due to so-called "excessiveness" of the sentence, despite acknowledging that no legal grounds existed to grant such relief.

There is no question that the Orleans Parish District Attorney's Office should have been recused in this matter. And yet, not one but *two* of your former defense attorneys purported to represent the State's interests. That failure—where both had un-waivable

conflicts of interest—brought disrepute to the judicial system, was a violation of the code of ethics for lawyers, and a fraud on the Criminal Court system. Likewise, Judge Nandi Campbell's association with Jason Williams' law firm only a few years after he represented you also raises questions regarding whether she violated the Judicial Code of Ethics. At a minimum, her relationship required disclosure to someone who did not *also* have a conflict of interest. Judge Campbell's association with your former defense counsel and his law firm, at a minimum, raises the appearance of impropriety and should have resulted in her recusal. Instead, Judge Campbell, Jason Williams, and your then-defense counsel conspired to vacate a long-final, revised sentence without any legal grounds on which to do so. Emily Maw likewise put nothing in the record indicating she was walled of and had no communication regarding this matter with anyone in the office. Her role at the District Attorney's Office combined with the D.A.'s un-waivable conflict at a minimum created an egregious appearance of impropriety.

You knowingly and voluntarily pled guilty to manslaughter and attempted armed robbery, despite being in possession at the time of all of the supposed evidence and information that was included in your later claims. Your sentence was upheld multiple times by the state and federal courts, finding that the evidence against you was strong, and your later petition for Wrongful Compensation, now dismissed, declaring factual innocence cut very closely to an admission of perjury in 2011, when you knowingly and voluntarily pled guilty to these crimes.

It is a gross misrepresentation to the public to say you were exonerated. In fact, the vacatur of your conviction was improperly handled by the court and the District Attorney and Emily Maw. I request that you cease representing to the public that you were "exonerated" to avoid further action from this office.

For Louisiana,

Liz Murrill
Attorney General