# EXHIBIT E

LDF Legal Defense Fund

Advancing racial justice since 1940

April 16, 2026

*Via Email*

Louisiana House Committee on Judiciary
900 North 3rd Street
Box 94062
Baton Rouge, LA 70804
h-jud@legis.la.gov

**RE: Opposition to SB 256**

Dear Chairman Carter and Members of the House Committee on Judiciary:

The NAACP Legal Defense and Educational Fund, Inc. (LDF) unequivocally opposes Senate Bill 256 (SB 256) and urges Louisiana's Legislature to reject it as an attack on the rights of voters in Orleans Parish—a racially-diverse electorate comprised of a significant number of Black voters. SB 256 threatens to defy the will of Orleans Parish voters and deny them their right to have their recently elected candidate of choice, Calvin Duncan, serve them as Clerk of Orleans Parish Criminal Court. SB 256 calls for the elimination of the Orleans Clerk of the Criminal Court, the consolidation of that office with the Orleans Clerk of the Civil Court, and the installment of the Civil Court Clerk in the newly created position.[1] This is despite that Mr. Duncan was the candidate of choice for the overwhelming majority of the voters in a competitive election for the Criminal Court position, while the candidate-elect for the Civil Court position ran unopposed and did not even appear on the ballot, and thus cannot be said to be the candidate of choice of any Orleans Parish voter.

The purported justifications for this significant change include administrative efficiency and fiscal savings. However, the available information reflects that these justifications are not supported by the evidence and are pretextual. Instead, this bill amounts to retaliation against Clerk-Elect Duncan, a formerly incarcerated person whose conviction was vacated, and who has been critical of the current administration's handling of court records, one of many issues he campaigned to change through serving in the position for which he was elected, as the Criminal Court Clerk. The swearing-in of Clerk-Elect Duncan is scheduled for May 4, 2026. If signed into law, SB 256 will silence the will of 68% of Orleans Parish voters who cast their ballots to elect Duncan to serve them.

SB 256 harkens back to the shameful strategies employed in Louisiana and elsewhere from Reconstruction until the Civil Rights era, when White elected officials overrode the will of Black and other voters by refusing to respect the outcomes of elections won by Black candidates and Black voters' candidates of choice.[2] This history reflects the same tactics employed in SB 256 to override the will of Black voters: refusing to swear into office Black voters' candidates of choice, eliminating positions these candidates won, and/or replacing the elected candidates' positions with appointed ones.

[1] S.B. 256. 2026 Reg. Sess. (La. 2026), https://www.legis.la.gov/legis/ViewDocument.aspx?d=1460365 (last visited Apr. 15, 2026).
[2] *See infra* notes 30-34.



40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200

***Background***

The Clerk of the Criminal Court position serves important functions in Orleans Parish. The Criminal Clerk receives lawsuits, serves subpoenas, and obtains records for the Criminal Court.[3] In addition, "[i]n the Parish of Orleans[, the] Clerk of Criminal District Court is the Chief Elections Officer."[4] The Clerk "conducts all training seminars for commissioners and commissioners-in-charge," sends notices that "inform the appropriate officials of the crucial information concerning the election," "tabulates totals, checks voting machine counts against the election night print-outs and prepare[s] the payroll for the election workers."[5]

In November 2025, Calvin Duncan won the election for Orleans Clerk of the Criminal District Court with 68% of the vote, defeating the incumbent office-holder Darren Lombard.[6] In October 2025, Chelsey Richard Napolean was elected to the Orleans Clerk of the Civil District Court after running unopposed and not appearing on the ballot.[7] Approximately six months later, on April 8, 2026, Louisiana's Senate passed SB 256 to eliminate the Criminal Clerk position by consolidating the clerks of the criminal and civil courts into one position.[8] The bill is now before this House Committee for consideration.

Prior to his election, Clerk-Elect Duncan was formerly incarcerated. While incarcerated, Duncan aided other incarcerated people in his prison as a jailhouse lawyer.[9] In 2021, Orleans Parish Criminal District Court Judge Nandi Campbell vacated Duncan's conviction because "the sentence imposed on January 7, 2011 is unconstitutionally excessive."[10] Recalling how it would take years to gain access to court documents,[11] which aided in the vacatur of his conviction, Duncan decided to run for Orleans Clerk of the Criminal District Court.[12] Opposition to Clerk-Elect Duncan's candidacy was fierce, with his carceral history featuring as a particularly salient issue during the campaign. Duncan's opponent, Mr. Lombard, sued to stop Duncan from airing campaign ads that featured his experience with the criminal legal system and described his

---

[3] Andrés Fuentes, *Louisiana Senate Passes Bill That Would Cut Job of Orleans' Incoming Clerk of Criminal Court*, Fox 8 (Apr. 8, 2026, 10:59 PM), https://www.fox8live.com/2026/04/09/louisiana-senate-passes-bill-that-would-cut-job-orleans-incoming-clerk-criminal-court/. The Criminal Court office contains a magistrate department, in-court division department, expungements department, closed records department, property and evidence department, and record processing department. *Departments Overview*, Clerk of the Criminal Court, https://orleanscriminalcourtclerk.com/elections/.
[4] *Elections Overview*, Clerk of the Criminal Court, https://orleanscriminalcourtclerk.com/elections/.
[5] *Id.*
[6] Robert Stewart, *Under Bill Passed by State Senate, New Orleans' Elected Court Clerk Might Not Be Able to Take Office*, Verite News (Apr. 9, 2026), https://veritenews.org/2026/04/09/senate-bill-256-calvin-duncan-clerk/; Louisiana Secretary of State, Orleans Parish, Official Results, Nov. 15, 2025, https://voterportal.sos.la.gov/graphical.
[7] Chelsey Richard Napoleon - Ballotpedia, https://ballotpedia.org/Chelsey_Richard_Napoleon (last visited Apr. 15, 2026).
[8] *SB 256 by Senator Jay Morris*, La. State Legislature, https://www.legis.la.gov/legis/BillInfo.aspx?s=26rs&b=SB256.
[9] Jack Brook, *A New Orleans man who had his murder conviction tossed wins election as city's chief record keeper*, Associated Press, https://apnews.com/article/new-orleans-clerk-calvin-duncan-dc0ca1c86bcc313b4e5af43ed623fa15 (Nov. 16, 2025, 12:42 PM); *see also The Jailhouse Lawyer*, Journey of a Jailhouse Lawyer, https://www.calvinduncan.com/p/book-the-jailhouse-lawyer (autobiography about this experience).
[10] The National Registry of Exonerations, https://exonerationregistry.org/cases/13478.
[11] Brook, *supra* note 9.
[12] *Id.*

exoneration.[13] Even Louisiana Attorney General Murrill got involved in the campaign, accusing Mr. Duncan of misrepresenting his past.[14] Despite these attacks, Duncan received an overwhelming majority of the votes and was elected by the people of Orleans Parish to serve as their Clerk of Criminal District Court.

***Rationales for SB 256***

After Mr. Duncan's victory over the opposition of state leaders, SB 256 was introduced to eliminate his position. The asserted justifications for SB 256 do not hold up to scrutiny.

*i.* *Efficiency*

SB 256's author, Senator Jay Morris, and Louisiana's Governor, Jeff Landry, have claimed that consolidating the Criminal Clerk and Civil Clerk offices into one position will increase efficiencies.[15] However, the Legislature has not introduced any fiscal note accompanying SB 256 that describes those savings.[16] When asked during a Judiciary Committee hearing, Senator Morris could not provide any data supporting the claimed increased efficiencies.[17]

Senator Morris has also conducted limited outreach to administrators to determine the practical effect of consolidating the two Clerk's offices.[18] When asked at a hearing if he had reached out to the clerks to see if they can handle the transition, Senator Morris reportedly said "[i]f they can't, we need new clerks."[19] At that same hearing, the current Orleans Clerk of Civil District Court, Chelsey Richard Napoleon, stated that she does not recall any study that

---

[13] Greg LaRose, *Former 'prison lawyer' wins Orleans clerk of court election*, La. Illuminator (Nov. 15, 2025), https://lailluminator.com/2025/11/15/duncan-clerk/.
[14] Travers Mackel, *AG Liz Murrill Questions The Past Of New Orleans Political Candidate*, WDSU News, https://www.wdsu.com/article/calvin-duncan-murrill-williams-letter/68162121#:~:text=In%20a%20letter%20to%20Calvin%20Duncan%2C%20New,coming%20from%20the%20state's%20chief%20legal%20officer (Oct. 2, 2025, 2:21 PM). Attorney General Liz Murrill reportedly claimed that "Judge Campbell, Jason Williams, and Emily Maw all had conflicts of interest at the time [Duncan's] conviction was vacated . . . ." *Id.*
[15] Jill Jordan Sieder, *'Never Seen Something So Barbaric': Louisiana Republicans Push to Eliminate An Elected Position Won By Exonerated Black Man*, Atlanta Black Star (Apr. 13, 2026), https://atlantablackstar.com/2026/04/13/louisiana-republicans-push-to-eliminate-an-elected-position-won-by-exonerated-black-man/ (reporting that SB 256's author, Senator Morris, said the intent of the bill is to "'provide some efficiencies' and bring Orleans Parish in line with the rest of the state . . . ."); Jack Brook & Sara Cline, *Louisiana GOP Races To Eliminate An Elected Office Won By An Exonerated Man*, Associated Press (Apr. 9, 2026), https://apnews.com/article/new-orleans-criminal-clerk-calvin-duncan-exonerated-d247677aa601a85cac604645d50fc739 (reporting that Louisiana Governor "Landry told the AP that eliminating Duncan's elected office was about improving "government efficiency" and "cleaning up a system in Orleans Parish that has been plagued by dysfunction and corruption for years").
[16] Sieder, *supra* note 15.
[17] *Hearing on S.B. 256 Before the S. Judiciary B Comm.*, 2026 Leg., Reg. Sess. 4:31:45–57 (La. 2026), https://senate.la.gov/s_video/VideoArchivePlayer?v=senate/2026/03/0331_26_juda2 (Statement of Sen. Jay Morris, Chair, S. Judiciary C Committee).
[18] *Id.* at 4:32:25–40.
[19] *Id.* at 4:34:42–47.

recommended combining the two offices,[20] and could not say whether consolidation would increase efficiency.[21]

The lone financial assessment of SB 256 that has been publicized is the fiscal note that accompanies HB 911, a broader bill, which proposes not only the consolidation of the clerk's offices at issue in SB 256, but also the consolidation of district courts in Orleans Parish, as well as other administrative changes. This fiscal note highlights that the overall cost of the bill "will depend on unknown future court management decisions."[22]

By all accounts, SB 256 will require new expenditures. For example, as proposed, SB 256 would allow for the new consolidated Clerk of Court to "hire temporary employees or hire contractors to assist in the transition using unrestricted funds of the clerk until June 30, 2027."[23] Senator Morris has already suggested that the consolidated clerk should "hire someone" to deal with the influx of cases that would result from the consolidation.[24]

The lack of evidence supporting that SB 256 will promote efficiency, combined with evidence of the unpredictable future costs of SB 256 to support this consolidation's purported purposes, casts serious doubt on proponents' claim that SB 256 will lead to more efficiency. Instead, this proposal may even make the consolidated office less efficient.

*ii.* *Funding*

SB 256's author, Senator Morris, has also justified SB 256 by claiming that the Civil Court Clerk's office has unrestricted funds that can go to funding the Criminal Court Clerk's office's activities.[25] Current Civil Court clerk, Chelsey Napoleon, however, has clarified that these funds are *not* a surplus,[26] and that SB 256 would delay or stop current programs at the Civil Court Clerk's office due to lack of funding.[27] Civil Court Clerk, Napoleon, further flagged that SB 256 cuts the clerk office's revenue from 50% of fees collected to 40%, thus reducing the office's

---

[20] *Id.* at 4:59:21–22 (Statement of Chelsey Richard Napoleon, Clerk of Civil District Court).
[21] *Id.* at 4:46:51–47:06.
[22] Office of Legislative Auditor, Fiscal Note, H.B. 911, at 2, https://www.legis.la.gov/Legis/ViewDocument.aspx?d=1458799 ("Initial consolidation and merger expenditures may increase in the short term due to costs associated with rebranding (e.g., signs, stationery), integrating complex IT and records management systems, and any necessary physical relocation of personnel.").
[23] S.B. 256 at 1.
[24] Brook & Cline, *supra* note 15. Senator Morris also has pointed to prior consolidation within the Civil Court Clerk's office in 2006 as evidence of the efficiencies created from past consolidations. *Hearing on S.B. 256 Before the S. Judiciary B Comm.*, *supra* note 17 at 4:32:40–33:43 (Statement of Sen. Jay Morris, Chair, S. Judiciary C Committee). However, Civil Court Clerk Napoleon has raised that further consolidation might reverse efficiencies that have already been created. *Id.* at 4:41:53–42:08 (Statement of Chelsey Richard Napoleon, Clerk of Civil District Court). She also noted that she is unfamiliar with modifications that may have been made to the administrative software in the criminal court clerk office. *Id.* at 4:46:08–17.
[25] *Hearing on S.B. 256 Before the S. Judiciary B Comm.*, *supra* note 17 at 4:28:19–28, 40–45, 50–55 (Statement of Sen. Jay Morris, Chair, S. Judiciary C Committee).
[26] *Id.* at 4:49:35–37 (Statement of Chelsey Richard Napoleon, Clerk of Civil District Court).
[27] *Id.* at 4:52:26–30.



40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200

revenue while increasing its workload.[28] Civil Court Clerk, Napoleon, has said that the contemplated funding is insufficient for the consolidated office's operations.[29]

Together then, the evidence reflects that the bill will not lead to cost-savings.

***SB 256's Harms***

SB 256 represents a new chapter in a long history of efforts by elected officials in Louisiana and elsewhere to thwart the will of Black voters, and deprive them of the opportunity to be served by candidates of their choice who they believe will be responsive to their needs. Among many other shameful acts that SB 256 is reminiscent of include:

- In 1868, John Willis Menard won 64% of the vote in Louisiana's Second congressional district, which included New Orleans. Yet, Congressional members voted against seating Mr. Menard. Former President James Garfield, who was a member of the U.S. House at the time, stated "it was too early to admit a Negro to the U.S. Congress, and that the seat "should be declared vacant, and the salary of $5,000" saved.[30]

- In 1873 and 1874, P.B.S. Pinchback was twice elected to serve Louisiana in the U.S. Senate. However, anti-Reconstruction Democrats contested Pinchback's seat and he was never allowed to take office.[31]

- In 1875, William J. Whipper was appointed to the First Circuit Court in Charleston, South Carolina. But Governor D.H. Chamberlain refused to allow him to take his seat, accusing him of being "corrupt," which borrowed language from other racist appeals used against Whipper at the time.[32]

- In 1966, Julian Bond was elected to the Georgia Legislature. But Georgia's House refused to seat him because, based on his opposition to the Vietnam War, he was accused of supporting foreign enemies and disrespecting the office.[33] Having met all eligibility requirements and otherwise not violated any laws, the U.S. Supreme Court found that Bond's statements were protected speech that could not deprive him of public office.[34]

---

[28] *Id.* at 4:59:40–5:00:21; *see also* S.B. 256 at note 1.
[29] *Hearing on S.B. 256 Before the S. Judiciary B Comm.*, *supra* note 17 at. 4:59:40–5:00:21 (Statement of Chelsey Richard Napoleon, Clerk of Civil District Court).
[30] DeNeen Brown, *He Was the First Black Man Elected to Congress. But White Lawmakers Refused To Seat Him,* WashPost (Sep. 21, 2017), https://www.washingtonpost.com/news/retropolis/wp/2017/09/21/he-was-the-first-black-man-elected-to-congress-but-white-lawmakers-refused-to-seat-him/.
[31] United States Senate, *Senate Stories | Reconstruction Louisiana and the Case of PBS Pinchback*, Senate Historical Office (Feb. 26, 2025), https://www.senate.gov/artandhistory/senate-stories/reconstruction-louisiana-and-the-case-of-pbs-pinchback.htm. The challenge to Pinchback's election occurred in an era when "white paramilitary groups" conducted "campaigns of violence" against Black Louisianans, including the Colfax Massacre when almost 100 Black people were murdered by the Ku Klux Klan. *Id.*
[32] Caleb A. Jaffe, *Obligations Impaired: Justice Jonathan Jasper Wright and the Failure of Reconstruction in South Carolina*, 8 MICH. J. RACE & L. 471 (2003).
[33] *See Bond v. Floyd*, 385 U.S. 116, 123 (1966).
[34] *Bond*, 385 U.S. at 129, 131-32, 136-137.



40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200

***Conclusion***

As LDF continues to evaluate SB 256, it appears that this proposed bill raises serious legal concerns because it nullifies the votes of Orleans Parish voters, a significant number of whom are Black people. Those voters chose Clerk-Elect Duncan as their preferred candidate in November 2025 with 68% of the vote. Disregarding that result, SB 256 would install the current Civil Clerk—who ran in an uncontested election in October 2025 in which she did not even appear on the ballot—in the new consolidated position without an election. In nullifying a duly conducted election and denying voters their representative of choice in the Criminal Court Clerk's office, SB 256 is contrary to the letter and spirit of the U.S. and Louisiana Constitutions and other protections.

We urge this Committee to reject this bill.

Sincerely,

Victor Olofin
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street NW, Suite 600,
Washington, DC 20005-2010
violofin@naacpldf.org

*<u>/s/ Leah C. Aden</u>*
Leah C. Aden
Stuart Naifeh
Victoria Wenger
Alon Goldfinger*
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
laden@naacpldf.org
snaifeh@naacpldf.org
vwenger@naacpldf.org
agoldfinger@naacpldf.org

**Not yet licensed to practice law. Working under the supervision of New York based attorneys.*