# EXHIBIT F

619 South White Street
New Orleans, LA 70119

(504) 822-2414
www.orleansda.com

OFFICE OF THE ORLEANS PARISH DISTRICT ATTORNEY
JASON ROGERS WILLIAMS

May 7, 2026

New Orleans City Council
*Via email only*

Re: Senate Bill 256 & Council Action Needed

Dear Councilmembers:

As you know, our City now faces unprecedented legislative action that has produced equally unprecedented uncertainty and institutional instability. Specifically, Senate Bill 256, recently signed into law by the Governor, purports to consolidate the historically separate offices of Clerk of Criminal District Court and Clerk of Civil District Court into a newly created singular office.

The wisdom of this legislation will ultimately be judged by history. Its constitutionality will be judged by the courts. But its immediate consequences for the City of New Orleans require prompt attention and action by the City Council.

I call your attention to Article VI, Section 13 of the Louisiana Constitution, which provides in pertinent part:

> "Except as otherwise provided by this constitution, a vacancy in any local office filled by election wholly within the boundaries of a local governmental subdivision… shall be filled by appointment by the particular governing authority of the local governmental subdivision… until it is filled by election as provided by law."

The Constitution is clear. Upon the occurrence of a vacancy in a local elected office, the governing authority, in this case, the New Orleans City Council, must appoint an interim officeholder and ensure that an election is called in accordance with law.

Any fair reading of Senate Bill 256 demonstrates that we are now confronted with precisely that circumstance. Prior to this legislation, the offices of Clerk of Criminal District Court and Clerk of Civil District Court were separate constitutional and elected offices. The legislation attempts to abolish those historically distinct positions and replace them with an entirely new consolidated office exercising powers over criminal records, civil records, and elections.

That newly created office has never been presented to the voters of Orleans Parish. No election has been held for it. As such, the office is plainly vacant within the meaning of our Constitution.

The legislation nevertheless attempts to install into this newly created office the individual previously elected to the now non-existent office of Clerk of Civil District Court. Respectfully, that presents a direct

constitutional conflict. The Legislature may create or restructure offices subject to constitutional limitations, but it cannot itself fill a local elected office where the Constitution expressly assigns that authority to this Council.

Accordingly, I respectfully urge the City Council to exercise its constitutional duty without delay by appointing an interim Clerk of Court and initiating the process necessary for the people of New Orleans to elect a lawful officeholder for this newly created position.

This crisis extends far beyond politics, personalities, or competing interpretations of legislative authority. The integrity of our criminal justice system and the legitimacy and finality of criminal convictions are now implicated.

As District Attorney, I must advise the Council that the present uncertainty creates substantial and immediate legal risk. A federal judge has already concluded that the Legislature lacks the authority to fill this office. Consequently, every criminal filing, evidentiary submission, certification, and record maintained by an unlawfully installed Clerk invites future litigation and collateral attack.

Criminal defendants and their counsel will almost certainly argue that records central to their prosecutions and convictions were maintained by an official exercising authority without constitutional legitimacy. Whether those arguments ultimately prevail is beside the point. The mere existence of this uncertainty creates profound instability in pending and future prosecutions throughout Orleans Parish.

The danger here is neither theoretical nor abstract. The Clerk of Criminal Court serves as the legal custodian of the record in criminal proceedings. Failures or defects in recordkeeping have historically carried grave consequences for the administration of justice in Louisiana. The Louisiana Supreme Court has warned us exactly where that road leads in *In re Hunter:*

> "The consequences of these reversals to the State and the general public are both extensive and grave, because the reversals have necessitated retrials, have frequently disrupted the State's successful prosecution of very serious crimes, and have significantly undermined the public's confidence in the judicial system." *In re Hunter*, 2002-1975, p. 2 (La. 8/19/02); 823 So.2d 325, 327.

With each passing week, the likelihood increases that convictions may later be challenged or imperiled, not because of error by a judge, prosecutor, or jury, but because of avoidable constitutional uncertainty surrounding the lawful authority of the office now charged with maintaining criminal records and court filings.

The people of this City deserve clarity, stability, and constitutional fidelity in the administration of justice. Swift action by the Council is therefore not merely appropriate; it is essential. Thank you for your consideration of this matter and for your continued service to the people of New Orleans.

Kind regards,

Jason Rogers Williams
Orleans Parish District Attorney